HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE, )
) No. 2:14-cv-00831-RSM
Plaintiff, )
v. ) PLAINTIFF'S UNOPPOSED MOTION
) FOR ORDER RETAINING
RAINIER PETROLEUM CORPORATION, ) JURISDICTION
)
Defendant. ) **Note on Motion Calendar:**
_____ ) December 25, 2015

### I. MOTION.

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") hereby respectfully requests that the Court enter an order retaining jurisdiction to enforce the parties' settlement agreement without payment of an additional filing fee through August 1, 2017. Soundkeeper requests that this order be entered prior to or as part of any order or docket entry dismissing the case. Defendant Rainier Petroleum Corporation ("Rainier Petroleum") does not oppose this motion.

UNOPPOSED MOTION FOR RETAINED
JURISDICTION - 1
No. 2:14-cv-00831RSM

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883

## II. INTRODUCTION & SUMMARY OF FACTS.

On October 5, 2015, the Court granted in large part Soundkeeper's motion for partial summary judgment on Rainier Petroleum's liability for violating the Clean Water Act ("CWA") by violating certain terms and conditions of its National Pollutant Discharge Elimination System ("NPDES") permit authorizing discharges of industrial stormwater from its facility on Colorado and Spokane Street in Seattle, Washington (the "Facility").  Dkt. 29.  Following that order, the primary issues left for trial concerned the appropriate remedies.  The CWA mandates civil penalties for violations, and authorizes injunctive relief and an award of litigation costs to the prevailing party.  On October 28, the parties settled the remaining issues.  The parties' written settlement agreement provides for a payment to a non-party environmental benefit project in lieu of a civil penalty, injunctive relief related to Rainier Petroleum's stormwater monitoring and pollution prevention violations, and payment of Soundkeeper's litigation expenses. *Tonry Decl.*, Ex. 1.  The settlement agreement requires Rainier Petroleum to conduct more frequent stormwater monitoring at certain locations through the first quarter of 2017 and send Soundkeeper copies of the monitoring results through May 15, 2017.  *Id.* at ¶ 2(b), (e).  The parties agreed to meet and confer at least thirty days before bringing an action to enforce the settlement agreement, and agreed that such disputes be adjudicated in the Western District of Washington.  *Id.* at ¶ 10.

The settlement agreement anticipates that the parties will soon file a joint motion to dismiss the case.  *Id.* at ¶ 5(a).  That motion will be noted more than forty five days from today to allow for the EPA's and Department of Justice's review of the settlement agreement and dismissal order, as required by the citizen suit provision of the CWA.  *Id.* Department of Justice

UNOPPOSED MOTION FOR RETAINED
JURISDICTION - 2
No. 2:14-cv-00831RSM

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

typically notifies the Court that it does not object to the joint resolution of such cases near the end of the review period. *Tonry Decl.,* ¶ 3.

Soundkeeper requests that prior to or concurrently with any dismissal, the Court retain jurisdiction to adjudicate motions to enforce the settlement agreement through August 1, 2017. This date is based on the date of Rainier Petroleum's last obligations under the settlement agreement, with a reasonable allowance for the parties to resolve disputes prior to seeking judicial intervention. *See Tonry Decl.,* Ex. 1 at ¶¶ 2(b), (e), 10.

The parties' settlement agreement explicitly anticipates Soundkeeper making this motion, which Rainier Petroleum agreed not to oppose. *Id.* at ¶ 5(b).

**III.    ARGUMENT.**

The Court has discretion to retain jurisdiction to ensure compliance with an order to implement the CWA. *See, e.g., Weinberger v. Romero-Barcelo,* 456 U.S. 305, 316 (1982) (CWA permits district court "to order that relief it considers necessary to secure prompt compliance with the Act"); *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 839 F.Supp.2d 1117, 1130 (D.Or. 2011) (*citing United States v. Metropolitan Dist. Corom'n*, 930 F.2d 132, 135 (1st Cir. 1991)); *Alaska Ctr. for the Env't v. Reilly*, 796 F.Supp. 1374, 1381 (W.D.Wash. 1992).

The Court may also retain jurisdiction to enforce settlement agreements where the dismissal order includes an express retention of jurisdiction over the settlement agreement. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Amer.,* 511 U.S. 375, 381-82 (1994); *Hagestad v. Tragesser,* 49 F.3d 1430, 1433 (9th Cir. 1995). It is appropriate for the Court to retain jurisdiction over a settlement agreement *sua sponte*, *see Bass v. Harris*, No. 2:11-cv-01017-JCM-CWH, 2014 U.S. Dist. LEXIS 175501 at *3 (D. Nev. Oct. 22, 2014) (*citing Chevron U.S.A. Inc. v. Sheikhpour*, 469 F. App'x 593, 595 (9th Cir. 2012)), or on an unopposed motion to retain

UNOPPOSED MOTION FOR RETAINED
JURISDICTION - 3
No. 2:14-cv-00831RSM

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883

jurisdiction, *Dulworth Family Ltd P'ship v. 400 LA Peninsula Condo. Ass'n*, No: 11-cv-584-SPC-DNF, 2013 U.S. Dist. LEXIS 87033 (M.D. Fla. June 20, 2013).

The United States District Court for the Western District of Washington has routinely granted motions to retain jurisdiction to enforce CWA settlements, and currently has jurisdiction over many such settlement agreements in Soundkeeper's cases brought to enforce the CWA. *Tonry Decl.,* ¶ 4; *and see, e.g., Puget Soundkeeper Alliance v. Trident Seafoods Corp.,* Case. No. 11-5811BHS, Dkt. 16 (W.D. Wash. Jan. 14, 2013). *See also Waste Action Project v. Buckley Recycle Center, Inc.,* Case No. 13-01184-RSM (Oct. 5, 2015) (ordering defendants to take steps in furtherance of a proposed consent decree to effectuate a settlement agreement and resolve a CWA citizen suit).

Here, the Court's retention of jurisdiction to enforce the terms of the settlement agreement is appropriate for several reasons. First, Rainier Petroleum does not oppose this motion. Second, the settlement agreement provides for injunctive relief and a payment in lieu of a penalty which remedy the violations declared in the Court's October 5 order, thereby giving practical effect to that order. *See Alaska Ctr. for the Env't v. Reilly*, 796 F. Supp. 1374, 1381 (Retaining jurisdiction to ensure compliance with the court's order is within the court's equitable discretion to fashion appropriate relief.) *See also Tull v. United States*, 481 U.S. 412, 422 (1987) ("The legislative history of the [CWA] reveals that Congress wanted the district court to consider the need for retribution and deterrence, in addition to restitution, when it imposed civil penalties.") *and Sierra Club v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1354-56 (9th Cir. 1990) (settlements may require payment for environmental projects in lieu of civil penalties). Third, continuing jurisdiction will help ensure the injunctive relief is carried out over the next fifteen months. *See id. and see Alaska Ctr. For the Env't v. Browner,* 20 F.3d 981, 986-87 (9th

UNOPPOSED MOTION FOR RETAINED JURISDICTION - 4
No. 2:14-cv-00831RSM

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

Cir. 1994) (noting that judicial oversight of implementation of specific remedies for CWA violations may be necessary).  Fourth, an order retaining jurisdiction will serve the interests of judicial economy given the Court's familiarity with the record and ability to hold a relatively expedited hearing on a motion to enforce, whereas a state court proceeding would require a new record and entail much unnecessary delay and expense.  Finally, an order retaining jurisdiction will give effect to the parties' agreement that any disputes regarding performance of the settlement agreement be heard in federal court.  *Tonry Decl.,* Ex. 1 at ¶ 6. Indeed such an order is necessary to effectuate that provision of the settlement agreement. *See Hagestad v. Tragesser,* 49 F.3d at 1433.

**IV.   CONCLUSION.**

For the foregoing reasons Soundkeeper respectfully requests that prior to or as part of any order dismissing the case the Court enter an order retaining jurisdiction to enforce the settlement agreement through August 1, 2017.

RESPECTFULLY SUBMITTED this 8th day of December, 2015.

SMITH & LOWNEY, PLLC

By: */s/ Claire E. Tonry*
Knoll Lowney, WSBA No. 23457
Claire E. Tonry, WSBA No. 44497
Attorneys for Plaintiff
2317 E. John St.
Seattle, WA 98112
Tel: (206) 860-2883; Fax: (206) 860-4187
E-mail: knoll@igc.org, clairet@igc.org

UNOPPOSED MOTION FOR RETAINED
JURISDICTION - 5
No. 2:14-cv-00831RSM

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883